```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

TAMMY K. COOPER,                  §
                                  §
     Plaintiff,                   §
                                  §
v.                                §   Civil Action No. H-12-2651
                                  §
CITY OF LAPORTE,                  §
OFFICER M. DAVIDSON               §
                                  §
     Defendants.                  §
```

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant City of La Porte's Motion to Dismiss for Failure to State a Claim for Relief (Doc. 6) and City of La Porte's Supplement to Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 12). The court has considered the motions, Plaintiff's responses and the applicable law. For the reasons discussed below, it is **RECOMMENDED** that Defendant City's motion be **DENIED AS MOOT** as to Plaintiff's claim against its police department and Plaintiff's Fourteenth Amendment claim, **GRANTED** with respect to Plaintiff's claims concerning a lack of adequate hiring practices and a lack of supervision of its police officers, and **DENIED** with respect to Plaintiff's claims of inadequate training.

### I. Factual and Procedural Background

On September 6, 2012, Plaintiff brought the present action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 15.

La Porte Police Department, an Unknown Police Officer and Shelly Fuller ("Fuller"), a private individual.[2] The complaint alleged that on July 11, 2011, Plaintiff was falsely arrested by a City of La Porte ("City") police officer for child abandonment and child endangerment after Fuller, a neighbor, falsely complained that Plaintiff's children were playing in the street after dark without adult supervision.[3] Plaintiff complained that she expended approximately $7,000 in legal fees before the criminal charges were dismissed and a Children's Protective Services investigation was closed.[4]

Plaintiff brought suit against the City of La Porte Police Department and the arresting officer for violating her Fifth and Fourteenth Amendment rights when she was arrested without probable cause.[5] Plaintiff also sued Fuller for defamation.[6]

On October 2, 2012, Defendant City filed a motion to dismiss, arguing that it was improperly sued through its police department and that Plaintiff failed to state a claim against it under the applicable law.[7] Plaintiff did not respond to this motion directly

---

[2] See Doc. 1, Pl.'s Orig. Compl. pp. 1-2.

[3] Id. pp. 2-3.

[4] Id. p. 4.

[5] Id. pp. 4-5.

[6] Id. p. 5.  On September 28, 2012, Plaintiff non-suited Fuller. See Doc. 4, Notice of Dismissal; Doc. 5, Order of Dismissal of Shelly Fuller.

[7] See Doc. 6, Def. City's Mot. to Dismiss.

but, on October 12, 2012, filed her First Amended Complaint.[8]

Although the caption of the amended complaint remained the same, Plaintiff dropped the City of La Porte Police Department and Fuller from the lawsuit.[9] Instead, the amended complaint named as defendants the City and Officer M. Davidson ("Officer Davidson").[10] Plaintiff expanded the factual and legal allegations made in the complaint and maintained a false arrest claim against Officer Davidson in his individual capacity.[11]

With respect to the City, Plaintiff alleged that the City had a custom of deliberate indifference in its practice of hiring police officers.[12] Plaintiff also alleged that the City failed to train its police officers to properly investigate criminal offenses, failed to instruct its officers on the probable cause standard and failed to instruct its officers on the Texas Penal Code and Texas Code of Criminal Procedure.[13] Plaintiff claimed that the City had a custom of deliberate indifference to the rights of its citizens by failing to supervise its police officers.[14] Like the original complaint, Plaintiff sought compensatory and exemplary

---

[8]   See Doc. 11, Pl.'s 1st Am. Compl.

[9]   Id. pp. 1-2.

[10]  Id. p. 2.

[11]  Id. pp. 2-5.

[12]  Id. p. 6.

[13]  Id.

[14]  Id.

damages, costs and attorney's fees.[15]

In response to Plaintiff's First Amended Complaint, the City filed a brief supplement to its motion to dismiss, arguing that the reasons urged in its original motion to dismiss also required the dismissal of Plaintiff's amended complaint.[16] Plaintiff has responded to the City's supplemental motion[17] and the matter is ripe for adjudication.

## II.  Dismissal Standard

Dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010). However, the complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n, 658 F.3d 500, 504 (5th Cir. 2011). The factual allegations must also demonstrate that the plaintiff is entitled to relief under a valid legal theory. See Neitzke v.

---

[15] Id. p. 8.

[16] See Doc. 12, Def. City's Suppl. to Mot. to Dismiss.

[17] See Doc. 13, Pl.'s Resp. to Def. City's Mot. to Dismiss.

Williams, 490 U.S. 319, 327 (1989); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. Analysis

In the pending motions, the City argues that: (1) the Original Complaint improperly sued it through its police department; (2) neither the original complaint nor the supplemental complaint state a claim for relief under the Fourteenth Amendment; and, (3) Plaintiff failed to allege sufficient facts to show that the City engaged in unconstitutional conduct. The court considers each argument.

**A. City of La Porte Police Department**

In Plaintiff's Original Complaint, Plaintiff alleged that the City of La Porte Police Department and an unknown police officer subjected her to a false arrest in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution when no reasonable officer would have believed that an arrest was warranted.[18] The City correctly points out that its police department is not a separate legal entity and cannot be sued in its own name. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991).

In her amended complaint, Plaintiff names the City, not the police department, as the entity that allegedly violated her constitutional rights. In light of the amendment, the City's motion on this point should be denied as moot.

---

[18] See Doc. 1, Pl.'s Orig. Compl. p. 4.

5

**B. Fourteenth Amendment Claim**

Plaintiff's Original Complaint generally alleged that she was falsely arrested in violation of her Fifth and Fourteenth Amendment rights.[19] In its original motion to dismiss, the City argues that Plaintiff may not allege a substantive due process claim when there is a more explicit constitutional protection that is applicable, citing <u>Conn v. Gabbert</u>, 526 U.S. 286, 293 (1999). However, Plaintiff's First Amended Complaint omitted any mention of the Fourteenth Amendment and simply alleged that she was arrested in violation of her Fourth Amendment rights.[20] As the court reads Plaintiff's live pleading to allege only a Fourth Amendment false arrest claim, the City's motion to dismiss a potential substantive due process claim should be denied as moot.

**C. Failure to Train/Supervise**

A city can be held liable under Section 1983[21] only for its own unconstitutional acts, not pursuant to a theory of vicarious liability. <u>Connick v. Thompson</u>, __ U.S. __, 131 S. Ct. 1350, 1359 (2011). In order to attribute Section 1983 liability to a local

---

[19] <u>Id.</u>

[20] <u>See</u> Doc. 11, Pl.'s 1st Am. Compl. p. 5.

[21] The provision reads, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

government, a plaintiff must establish the elements of a prima facie case and must demonstrate that the city had a custom or policy that resulted in the constitutional injuries alleged. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978); see also Connick, 131 S. Ct. at 1359. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359.

The challenged official policy must be determined to be the moving force behind, or the actual cause of, the constitutional injury. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). If the official policy does not facially violate the constitution, a local government can be held liable if the policy was adopted or maintained by policymakers with deliberate indifference to the known or obvious consequences of the policy. Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004). Courts have recognized that, under limited circumstances, the failure to train, to supervise, or to discipline employees may give rise to Section 1983 local-government liability. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown [hereinafter Brown II], 520 U.S. 397, 407 (1997); Pineda v. City of Houston, 291 F.3d 325, 331 (5th Cir. 2002); Thompson v. Upshur Cnty., Tex., 245 F.3d 447, 459 (5th Cir. 2001); Piotrowski v. City

of Houston, 237 F.3d 567, 581-82 (5th Cir. 2001).  However, the Supreme Court has cautioned, "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  Connick, 131 S.Ct. at 1359.  In order to show deliberate indifference, a plaintiff must show a pattern of similar constitutional violations by untrained employees.  Brown II, 520 U.S. at 409.

In the City's original motion to dismiss, it argued that Plaintiff failed to state a claim for relief because she failed to allege that she was harmed as the result of the execution of a City policy or custom.  Plaintiff did not challenge this motion but simply filed an amended complaint somewhat expanding her factual allegations.  The court agrees that Plaintiff's Original Complaint was wholly deficient in its allegations against the City.  However, as that is not the live pleading, the City's motion on this point is moot.

In the amended complaint, Plaintiff alleged, without factual support, that the City had a custom or practice of deliberate indifference to the rights of its citizens in its hiring practices of police officers.[22]  Plaintiff also alleged that the City had a custom or practice of deliberate indifference to the rights of its citizens by failing to train its officers adequately, as evidenced by Officer Davidson's lack of investigation before he arrested

---

[22]   See Doc. 11, Pl.'s 1st Am. Compl. p. 6.

Plaintiff and his arrest of Plaintiff before deciding what crime she had committed.[23]  Finally, the complaint alleged, without factual support, that the City had a custom or practice of deliberate indifference to the rights of its citizens by failing to supervise its police officers.[24]

Plaintiff has adequately alleged that the City had a custom of not training its police officers on four specific subjects: (1) the proper way to investigate criminal activity; (2) the probable cause standard; (3) the Texas Penal Code; and (4) the Texas Code of Criminal Procedure.  Plaintiff has sufficiently alleged a claim against the City with respect to those training deficiencies.  On the other hand, Plaintiff has alleged no facts in support of her claims concerning the City's hiring practices and supervision of its police officers.  Those claims should be dismissed for Plaintiff's failure to state a claim for relief.  See Iqbal, 556 U.S. at 678 (a complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face").

## IV. Conclusion

In light of the foregoing, it is **RECOMMENDED** that Defendant City's motion be **DENIED AS MOOT** as to Plaintiff's claim against its police department and Plaintiff's Fourteenth Amendment claim,

---

[23]  Id.

[24]  Id.

**GRANTED** with respect to Plaintiff's claims concerning a lack of adequate hiring practices and a lack of supervision of its police officers, and **DENIED** with respect to Plaintiff's claims of inadequate training.

The court may reconsider its recommendation to dismiss the hiring-practices and lack-of-supervision claims if Plaintiff attaches to her timely-filed objections a copy of a proposed amended complaint that remedies the factual deficiencies, along with a motion for leave to amend.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 26th  day of March, 2013.

Nancy K. Johnson
United States Magistrate Judge